Entered on Docket August 10, 2018

**Below is a Memorandum Decision of the Court.**



_____
**Brian D. Lynch
U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

JAMES P WOLDSTAD,

           Debtor.

Case No. 18-41152-BDL

**MEMORANDUM DECISION ON CALCULATION OF HOUSEHOLD SIZE**

Debtor James Woldstad filed a motion (ECF No. 37) for confirmation of his amended plan. The Chapter 13 Trustee filed a response to the motion (ECF No. 40) raising two objections. The Chapter 13 Trustee's primary objection is to the Debtor's calculation of his household size.[1] The Motion was argued on August 1, 2018. At that hearing, the Court orally overruled the Chapter 13 Trustee's objection to the calculation of the Debtor's household size, and announced that it would issue this written decision.

## I. Factual Background

Debtor filed a voluntary Chapter 13 petition on March 30, 2018. On his Official Form 122C-1 (Chapter 13 Statement of Your Current Monthly Income and Calculation of

---

[1] The Chapter 13 Trustee's secondary objection, that the plan fails to commit all excess disposable income for the applicable commitment period as required by 11 U.S.C. § 1325(b)(1)(B), has been addressed by Debtor's second amendment of the plan which increased the monthly payment from $524.09 per month to $530.16 (ECF No. 43).

MEMORANDUM DECISION ON
CALCULATION OF HOUSEHOLD SIZE - 1

**Below is a Memorandum Decision of the Court.**

Commitment Period), the Debtor indicated his household size is four people and his current monthly income for the year is $88,376.04. *See* ECF No. 4. His Schedule J (Your Expenses), both as originally filed and as later amended, indicates that he has three dependents who reside with him: a 22-year-old son, 20-year-old daughter, and 17-year-old daughter. *See* ECF Nos. 1, 35.

The Chapter 13 Trustee objected to Debtor's amended plan on the basis that it was not proposed in good faith because the Debtor included his 17-year-old daughter in calculating his household size. The Chapter 13 Trustee asserts that because the daughter only resides with the Debtor certain days of the month in accordance with the parenting plan between the Debtor and his former spouse and because the Debtor is paying $800.00 a month in child support to his former spouse for care of his daughter, the Debtor's household size should be limited to three.

It is undisputed that the 17-year-old daughter spends every other weekend, Wednesdays from 5:00 p.m. to 8:00 p.m., alternating holidays, and alternating school breaks with the Debtor. For the portion of the month where the Debtor's daughter resides with him, she is his financial dependent. In addition, the Debtor pays the premium for his daughter's health insurance coverage as required by his child support order.

## II. Jurisdiction

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. Legal Analysis

The issue is whether the Debtor's 17-year old daughter should be included in the calculation of the Debtor's household size, even though she only resides with the Debtor part of each month. Whether the daughter should be included in the household size calculation is

important because her inclusion is the difference between whether the Debtor is categorized as a below-median debtor or an above-median debtor, and dictates how long his plan must provide for payments. 11 U.S.C. §1322(d). The median income for a family of three is $84,823; the median income for a family of four is $100,282. *See Census Bureau Median Family Income By Family Size (Cases Filed Between November 1, 2017 and March 31, 2018, Inclusive)*, U.S. Dep't of Just., https://www.justice.gov/ust/eo/bapcpa/20171101/bci_data/median_income_table.htm (last updated Mar. 14, 2018). Given the Debtor's current monthly income of $88,376.04, if his household has only three members, he will be above-median income and will not only be subject to the means test under 11 U.S.C. § 1325(b)(3), but his applicable commitment period for his plan length will extend from three years to five years. *See* § 1325(b)(4).

The term "household" is not defined in the Bankruptcy Code. *Johnson v. Zimmer*, 686 F.3d 224, 228 (4th Cir. 2012). Courts have taken different approaches to calculating household size, including courts within the Ninth Circuit. Some courts have adopted the U.S. Census Bureau or "heads on beds" approach, which allows all persons living in a debtor's house to count toward the household size, regardless of the economic relationship between those persons. *See, e.g.*, *In re Epperson*, 409 B.R. 503, 507 (Bankr. D. Ariz. 2009); *In re Bostwick*, 406 B.R. 867, 872 (Bankr. D. Minn. 2009). Other courts have adopted the "IRS dependency" approach, only allowing those persons who meet the Internal Revenue Service's definition of "dependent" to be included with the debtor when calculating the debtor's household size. *See, e.g.*, *In re Law*, No. 07-40863, 2008 WL 1867971, at *5 (Bankr. D. Kan. Apr. 24, 2008). Finally, some courts have adopted the "economic unit" approach, evaluating the financial relationships between the people residing in the debtor's house to determine who should be counted as a member of the debtor's household. *See, e.g.*, *Johnson*, 686 F.3d at

MEMORANDUM DECISION ON
CALCULATION OF HOUSEHOLD SIZE - 3

240; *In re Ford,* 509 B.R. 695, 698 (Bankr. D. Idaho 2014). Under the "economic unit" approach, the court asks

> whether the individuals in the [debtor's] house are acting as a single economic unit. Thus, a household will include individuals who are financially dependent on a debtor, individuals who financially support a debtor, and individuals whose income or expenses are inter-mingled or interdependent with a debtor.

*In re Ford*, 509 B.R. at 698 (alteration in original) (quoting *In re Morrison*, 443 B.R. 378, 386 (Bankr. M.D.N.C. 2011)).

This Court views the "economic unit" approach as the most realistic approach to use for determining a debtor's household size. The Court agrees with the Idaho Bankruptcy Court's conclusion that "the correct approach is one that determines household members based on a person's financial dependence upon, and residence with, a debtor." *In re Kops*, No. BR 11-41153-JDP, 2012 WL 438623, at *5 (Bankr. D. Idaho Feb. 9, 2012).

The fact that Debtor's daughter only resides with him some days each month requires an additional layer of analysis to determine whether and how she should be counted in the Debtor's household. Courts have also taken different approaches to counting part-time household members when calculating household size. Some courts have taken the approach of dividing individuals into fractions or percentages of a household member based on the number of days the person resides within the household. *See Johnson*, 686 F.3d at 240-41; *In re Robinson*, 449 B.R. 473, 484 (Bankr. E.D. Va. 2011). Other courts have instead fully counted part-time members for purposes of calculating household size. See *In re Kops*, 2012 WL 438623, at *5. As the court in *Kops* explained,

> Admittedly, a debtor who has children living with him for only a portion of the month will incur a lesser amount of actual monthly expenses than a debtor whose children live with him full time. For many of the means test expense categories, however, debtors are required to claim expenses based on standardized amounts, rather than their actual expenses. When Congress adopted a means test that relies on uniform standards, it endorsed the notion that those standards, depending upon the facts, would be either over- or under-inclusive. In designing the Code, "Congress chose to

MEMORANDUM DECISION ON
CALCULATION OF HOUSEHOLD SIZE - 4

> tolerate the occasional peculiarity that a brighter-line test produces."

Id. (footnotes omitted) (quoting *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 78 (2011)).[2]

This Court shares the *Kops* court's view that Congress chose to adopt a means test that relies on uniform standards, in effect choosing "to tolerate the occasional peculiarity that a brighter-line test produces." The Court finds this occasional peculiarity less concerning than the alternative -- getting into the weeds of trying to determine fractional household member determinations.

Because his 17 year-old daughter resides with him more than a *de minimis* portion of each month and because she is his financial dependent, the Court concludes she is part of the Debtor's economic unit and can be counted as a full member of the Debtor's household for applicable commitment period purposes under 11 U.S.C. § 1325.

Therefore, the Chapter 13 Trustee's objection to confirmation of the Debtor's amended plan because of the Debtor's stated household size is OVERRULED.

/// END OF ORDER ///

---

[2] While *Kops* was decided in a chapter 7 bankruptcy, the relevant conclusions in that decision are also applicable in the chapter 13 context. *See In re Ford*, 509 B.R. at 698 (discussing the *Kops* holding on part-time household members when describing the economic unit approach in a chapter 13 bankruptcy).

MEMORANDUM DECISION ON
CALCULATION OF HOUSEHOLD SIZE - 5